UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

ARTHUR VANMOOR,

          Plaintiff,

vs.

ALEXA INTERNET

          Defendant.
_____/

Case. No.:06-00051 RMU

**PARTIES SUPPLEMENT TO
JOINT SCHEDULING REPORT**

      Plaintiff, Arthur Vanmoor and Defendant Alexa Internet, by and through its undersigned counsel, respectfully submit the following Supplement to the Joint Scheduling Report as required by the Court's Order of February 23, 2006. These submissions are being made after a telephone conference between the parties held on March 31, 2006, and in furtherance of the requirements imposed by LCvR, Rule 16.3(a)

**A Brief Statement of the Case and the Statutory Basis for All Causes of Action and Defenses**

      By this lawsuit, Plaintiff Arthur Vanmoor seeks damages for allegedly false statements made on Defendant Alexa Internet, Inc.'s website. Plaintiff relies upon no specific statutory basis for the relief sought herein, but believes that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Defendant Alexa Internet asserts that Plaintiff Vanmoor's action is frivolous and designed to divert attention from his own illegal conduct. Defendant Alexa Internet asserts that Vanmoor's claims-that he was harmed by falsely being associated with two websites used to peddle fake cancer cures-are barred by: (1) his admission in a proceeding in Florida that he is responsible for those websites; (2)

1

Section 230 of the Communications Decency Act; (3) his failure-and inability-to allege the elements of his causes of action, namely that the purportedly defamatory statements are not substantially true, that they were made with the requisite degree of fault, that they are not privileged, and that they caused compensable damages; (4) the doctrine of unclean hands; and (5) the other defenses asserted by Alexa Internet. Alexa Internet soon will move to dismiss Vanmoor's claims and will seek relief for the unwarranted expense of defending against this frivolous and unjustified lawsuit. Alexa Internet has also asserted a counterclaim for abuse of process. Defendant Alexa Internet asserts that the Court has jurisdiction over its defenses and counterclaim pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

To the extent practicable, this Scheduling Report follows the format set forth in LCvR 16.3(c) and Fed. R. Civ. P. 26.

**(1)   Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Defendant Alexa Internet believes that Vanmoor's action is not well grounded in fact or law, is brought solely for the purpose of abusing the Court's process, and is therefore likely to be disposed of by dispositive motion. Plaintiff Vanmoor believes that this case in not likely to be disposed of by dispositive motion. The parties have agreed that discovery will be limited prior to the Court's ruling on Alexa Internet's Motion to Dismiss, which Alexa Internet plans to file by May 31, 2006. Specifically, prior to the Court's ruling on Alexa Internet's Motion to Dismiss, discovery will be limited to: (1) the Interrogatories and Requests for Admission to Alexa Internet already served by Plaintiff Vanmoor; (2) a single set of Interrogatories and Requests for Production to be served by Defendant Alexa Internet, and (3) third party discovery. Defendant Alexa Internet further believes

that, if its Motion to Dismiss is denied, all discovery should be completed within 6 months, after which Alexa Internet will move for summary judgment on those claims and its counterclaim.

**(2)     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties agree that all parties should be joined and pleadings amended no later than 30 days from the entry of the scheduling order.  Defendant Alexa Internet believes that the facts are not seriously in dispute and that applicable law is straightforward, such that the Court can grant Alexa Internet's motion to dismiss on the pleadings.

**(3)     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties object to the case being assigned to the Magistrate for all purposes.

**(4)     Whether there is a realistic possibility of settling the case.**

The parties discussed settlement issues during the course of the Scheduling Conference.  At this time, settlement between Plaintiff and Defendant does not seem likely.

**(5)     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

Alternative Dispute Resolution ("ADR") may be helpful after the Court has ruled on dispositive motions, but at this time Plaintiff and Defendant do not think the case would benefit from ADR.

**(6)     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiff Vanmoor does not believe the matter can be determined by summary judgment or

motion to dismiss given the disputed issues of fact. Plaintiff Vanmoor further believes that a motion for summary judgment should made within 30 days after the close of fact discovery with replies and responses filed thereafter, according to the Civil Rules.

Defendant Alexa Internet believes that Plaintiff Vanmoor's claims are frivolous and brought for an improper purpose, and all can be resolved through a Motion to Dismiss, which it plans to file by May 31, 2006. Defendant Alexa Internet further believes, that if its Motion to Dismiss is denied, all discovery regarding Plaintiff Vanmoor's claims should be completed within six months, after which time Alexa Internet will move for summary judgment on those claims and its counterclaim, with responses and replies filed thereafter according to the Civil Rules. . .

**(7)     Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties do not believe that initial disclosures pursuant to Rule 26(a)(1) should be dispensed with or altered in scope or form. The parties plan to exchange initial disclosures on April 28, 2006.

**(8)     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties believe that fact discovery should be completed within six (6) months from the time the Court rules upon Defendant's motion to dismiss. The parties agree that, prior to the Court's ruling on the Alexa Internet's Motion to Dismiss, discovery will be limited to: (1) the Interrogatories and Requests for Admission to Alexa Internet already served by Plaintiff Vanmoor; (2) a single set of Interrogatories and Requests for Production to be served by Defendant Alexa Internet, and (3)

third party discovery. The parties believe that a protective order regarding trade secrets and confidential information may be necessary and appropriate.

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties agree that Plaintiff should produce his expert report(s) 30 days prior to the close of fact discovery and the Defendant should produce its expert report(s) by the close of fact discovery. Expert witness depositions shall be taken within thirty (30) days after the close of fact discovery.

**(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Plaintiff and Defendant do not believe that bifurcation is appropriate.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties believe that the pre-trial conference should be held 60 days after the close of discovery or after a decision on dispositive motions is made, which ever occurs last.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that the Court should set the trial date at the pretrial conference.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties have no other matters to address in the scheduling orders.

| | |
|---|---|
| **MONTGOMERY BLAIR SIBLEY** | **BRIAN MCCALMON** |
| Attorneys-at-law for Plaintiff | Attorneys for Defendant |
| Rodriguez, Sibley & Mendoza, L.L.P. | 1735 New York Avenue NW, Suite 500 |
| 1717 K Street, Suite 600 | Washington, DC 20006-5221 |
| Washington, D.C. 20036 | Voice:      (202) 628-1700 |
| Voice:      (202) 508-3699 | Fax:         (202) 331-1024 |
| Fax:         (202) 478-0371 | |

By:   /s/ Montgomery Blair Sibley
      Montgomery Blair Sibley
      D.C. Bar Number: 464488

**PHILIP M. GUESS**
**THEODORE J. ANGELIS**
Attorneys for Defendant
Preston Gates Ellis, LLP
925 Fourth Street, Suite 2900
Seattle, Washington 98104-1158


By:   /s/ Brian McCalmon
      Brian Mccalmon
      D.C. Bar Number: 461196